FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 20 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARIA MAGDALENA,

                Plaintiff,

-against-

ANDREW CUOMO, Attorney General of the
State of New York,

                Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-4584 (SLT)

**TOWNES, United States District Judge:**

       Plaintiff Maria Magdalena, proceeding pro se, brings this action pursuant to 28 U.S.C. § 2403, challenging New York Penal Law Sections under which she was indicted and seeking only injunctive relief. Plaintiff's request to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915. However, for the reasons set forth below, her complaint is dismissed.

## BACKGROUND

       Plaintiff alleges in her complaint that certain New York laws, primarily related to burglary and criminal trespass,[1] are unconstitutional because "they were never certified as constitutional by the New York State Supreme Court." (Compl. at 1). Her incarceration, she argues, therefore violates her right to due process under the Fourteenth Amendment of the United States Constitution. (Id. at 1-2). She asks this Court to grant relief by ordering her immediate release and dismissing all criminal charges pending against her. (Id. at 2). As noted, Plaintiff does not seek damages.

---

[1] The Court takes judicial notice that Plaintiff– identified by her name and book & case number 141-10-05326 – was arrested on April 6, 2010, and charged with various robbery and burglary offenses under pending Kings County and Queens County criminal indictments. See http://nyc.gov/inmatelookup (last visited Oct. 12, 2010).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). As Plaintiff is proceeding pro se, her complaint is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe her pleadings liberally and "interpret them to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, Section 1915A requires this Court to screen a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing sua sponte standard pursuant to § 1915A).

## DISCUSSION

As a general matter, section 2403 provides for the intervention of the state attorney general in any action "wherein the constitutionality of any statute of that State affecting the public interest is drawn into question." 28 U.S.C. § 2403(b). Although Plaintiff brings this action pursuant to that section and Rule 5.1 of the Federal Rules of Civil Procedure, her complaint essentially seeks the Court's intervention in an ongoing criminal proceeding. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a district court could not enjoin an ongoing state prosecution, citing, inter alia, the Federalism principles central to the United States Constitution. Id. at 44. Indeed, "under the settled doctrine . . . [plaintiff] is not entitled to equitable relief even if such statutes are

2

unconstitutional." Id. at 49. The Second Circuit has consistently affirmed that "under Younger, abstention is mandatory when (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Liberty Mut. Ins. Co. v. Hurlbut, 585 F.3d 639, 645 (2d Cir. 2009) (citation and internal quotation marks omitted).

In this case, all three requirements are met: (1) there is a state criminal matter pending against Plaintiff, (2) New York has an important state interest in enforcing its criminal laws, and (3) Plaintiff is free to raise her federal constitutional claims during the pending criminal proceeding. See Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); Hansel v. Springfield, 56 F.3d 391, 393 (2d Cir.1995) ("[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one."). Plaintiff also has made no showing that the criminal prosecution constitutes "harassment," was "undertaken by state officials in bad faith without hope of obtaining a valid conviction," or involves "other extraordinary circumstances where irreparable injury can be shown." Perez v. Ledesma, 401 U.S. 82, 85 (1971).

## CONCLUSION

For the reasons discussed above, Plaintiff's complaint, filed in forma pauperis, is dismissed pursuant to 28 U.S.C. § 1915A(b). As the Court will not consider the merits of Plaintiff's constitutional argument, the Court declines to notice the issue to the Attorney General of the State of New York. Johnson v. Artuz, 182 F.3d 900, 900 (2d Cir. 1999) (finding notice necessary under 28 U.S.C. § 2403 only when constitutionality of federal statute actually "drawn in question"). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be

taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: October 15, 2010
Brooklyn, New York